UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

                                                                      :

UNITED STATES OF AMERICA

                                                                      :    CONSENT PRELIMINARY ORDER
                          - v. -                                           OF FORFEITURE/
                                                                      :    MONEY JUDGMENT

CARLOS BAEZ,

                                                                      :    21 Cr. 724 (VEC)
                          Defendant.                                       S1 21 Cr. 724 (VEC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, on or about November 29, 2021, CARLOS BAEZ (the "Defendant"), was charged in a six-count Sealed Information, 21 Cr. 724 (VEC) (the "Information"), with narcotics conspiracy, in violation of Title 18, United States Code, Section 846 (Count One); firearms use, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii) and 2 (Count Two); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Three); firearms offenses, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Four); Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Section 1951 (Count Five); and money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Six);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Three of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Three of the Information, and any and all property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of the offenses charged in Counts One and Three of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Five of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code,

Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Six of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Six of the Information, or any property traceable to such property, including but not limited toa sum of money in United States currency representing the amount of property involved in the offense charged in Count Six of the Information;

WHEREAS, on or about June 18, 2024, the Defendant was charged in a one-count Sealed Superseding Information, S1 21 Cr. 724 (VEC) (the "Superseding Information"), with conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Counts One and of the Superseding Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Superseding Information, and any and all property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of the offense charged in Count One of the Information;

WHEREAS, on or about November 29, 2021, the Defendant pled guilty to Counts One through Six of the Information, pursuant to a cooperation agreement with the Government,

wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Six of the Information and agreed to forfeit to the United States, pursuant to (i) Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Three of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One and Three of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Information; (ii) pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in and used in the commission of the offenses charged in Counts Two and Four of the Information; (iii) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Information; (iv) Title 18, United States Code, Section 982(a)(1), as a result of the commission of the offense charged in Count Six of the Information;

WHEREAS, on or about June 6, 2024, the Defendant pled guilty to Count One of the Superseding Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Superseding Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money in United States currency, representing any and all property

constituting or derived from any proceeds the Defendant obtained directly or indirectly, and any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Superseding Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $5,987,500 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One through Five of the Information, and Count One of the Superseding Information, that the Defendant personally obtained and property involved in Count Six of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Five of the Information, and Count One of the Superseding Information that the Defendant personally obtained and property involved in Count Six of the Information, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Jacob H. Gutwillig of counsel, and the Defendant, and his counsel, Patrick J. Brackley, Esq., that:

1.    As a result of the offenses charged in Counts One through Six of the Information, and Count One of the Superseding Information, to which the Defendant pled guilty, a money judgment in the amount of $5,987,500 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One

through Five of the Information and Count One of the Superseding Information that the Defendant personally obtained, and property involved in Count Six of the Information, shall be entered against the Defendant.

2.       Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, CARLOS BAEZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.       All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.       Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.       Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.       Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

8.     The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          12/10/24
JACOB GUTWILLIG                                          DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2215


CARLOS BAEZ

By: _____          12/10/24
CARLOS BAEZ                                             DATE


By: _____          12/10/24
PATRICK J. BRACKLEY, ESQ.                              DATE
Attorney for Defendant
ADDRESS INFO 233 Broadway
Suite 2370
NY, NY 10271

SO ORDERED:

_____          12.10.24
HONORABLE VALERIE E. CAPRONI                           DATE
UNITED STATES DISTRICT JUDGE